HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELIA REGINA FONTES-CARVALHO,<br><br>        Plaintiff,<br>  v.<br><br>PETE GAYNOR, Acting Secretary<br>U.S. Department of Homeland Security, et al.,<br><br>        Defendants. | No. 2:21-cv-00062-RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Stay of Removal. Dkt. # 2. Plaintiff Celia Regina Fontes-Carvalho ("Plaintiff") moves the Court to stay her deportation from the United States pending USCIS adjudication of her application for a T-Nonimmigrant Visa. *Id.* at 2.

## II.  FACTS

Plaintiff has been instructed by ICE to depart the country today. Dkt. # 2 at 2. On September 1, 2020, Plaintiff filed an I-914 application for T-Nonimmigrant status. *Id.* at

ORDER – 1

3. On September 23, 2020, Plaintiff filed her I-192 application for Advanced Permission to Enter as a Nonimmigrant. *Id.* On October 5, 2020, Plaintiff's counsel notified the USCIS Vermont Service Center that Plaintiff had an unenforced removal order and that ICE was seeking to deport her. *Id.* On October 20, 2020, USCIS approved Plaintiff's request for expeditious processing. *Id.* On October 21, 2020, Plaintiff filed a stay of deportation with ICE, requesting that she be permitted to remain in the United States until USCIS adjudicates her T-Nonimmigrant Visa. *Id.* ICE placed her on an Order of Supervision and scheduled a check-in for her on November 23, 2020. *Id.* at 3-4.

On November 23, 2020, Plaintiff appeared for her check in and was informed that her stay was denied. *Id.* at 4. She was arrested, placed on an ankle monitor, and notified that she needed to return to Brazil by January 20, 2021. *Id.* In the denial letter, ICE Seattle Field Office Director Nathalie R. Asher incorrectly informed Plaintiff that if USCIS were to approve her application while she was outside the United States, she may apply for admission as a T-1 nonimmigrant. Dkt. # 2-2 at 23.

On December 29, 2020, Plaintiff submitted evidence requested by USCIS for adjudication of her application and informed USCIS of ICE's denial of her stay request. Dkt. # 2 at 4. She urged USCIS to issue a bona fide determination under 8 C.F.R. § 214.11(a), which would grant her an automatic stay of deportation. *Id.* On January 7, Plaintiff emailed the USCIS Vermont Service Center urging them to issue a bona fide determination given the pending deportation. *Id.* at 5. USCIS has yet to respond to Plaintiff.

On January 15, Plaintiff emailed the Assistant Director of the ICE Seattle Field office asking that she be allowed to remain in the United States pending USCIS adjudication of her T-Nonimmigrant visa and asking ICE to reconsider its decision because it was based on a faulty assumption that she could still pursue relief while outside the country. *Id.* at 5. The Assistant Director responded a few days later, acknowledging that her office had erred in their conclusion regarding her eligibility for a

ORDER – 2

T-Nonimmigrant visa if removed. Nevertheless, the Assistant Director indicated that Plaintiff was still required to leave the country by January 20, 2021.

### III.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party only if specific facts in a complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to provide notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)((1).

An emergency hearing was held with counsel for Plaintiff this morning, January 20, 2021, at approximately 8:20 a.m. to determine the status of his client's circumstances. Counsel reported that his client had purchased a plane ticket with a departure of today at 8:00 a.m. but she did not board her flight and remains in the United States. She had been contacted by an ICE officer this morning who told her to "stop playing games" and said she would be "put on a plane." Based on the threat of imminent removal, the Court finds an Order may be issued without notice.

Plaintiff has demonstrated that she will suffer immediate harm by being subjected to "untold stress, harm, and danger" if she is deported to Brazil where her alleged trafficker resides. Dkt. # 2 at 2. The harm is irreparable if she is deported because she will no longer be eligible for a T-Nonimmigrant visa pursuant to 8 C.F.R. § 214.11(d)(9). Plaintiff has no criminal history in the United States and is under supervision with an ankle monitor to diminish flight risk. Dkt. # 2-2 at 23. The Court agrees that the balance of harm weighs heavily in favor of Plaintiff. The Court also finds that Plaintiff's attorney provided notice to Defendants via certified mail pursuant to Federal Rule of Civil Procedure 4(i) as required for an ex parte temporary restraining order. Fed. R. Civ. P. 65(b)(1)(B).

ORDER – 3

## IV. CONCLUSION

For these reasons, the Court here **ORDERS**:

1. Plaintiff's motion for emergency temporary restraining order, Dkt. # 2, is **GRANTED** as of January 20, 2021 at **11:19am** and effective for 14 days in accordance with Local Rule 65(b)(2);

2. Plaintiff's removal is temporarily **STAYED** pending briefing and a resolution of Plaintiff's request for stay. The Court expresses no views at this time as to the merits of Plaintiff's Petition for Writ of Mandamus or request for stay of removal;

DATED this 20th day of January, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4